IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNESTO TELLO,

    Plaintiff,

    v.                                                                                                  No. CIV 14-0261 MV/KK

FARMINGTON
SHERIFFS TASK FORCE
SAN JUAN COUNTY,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's claims will be dismissed, with leave to amend.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The caption of the complaint names the San Juan County Sheriff's Task Force as the Defendant.  In text, the complaint names the San Juan County Sheriff's Department.  "[C]ourts may look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243-44 (10th Cir. 2007).  Plaintiff alleges that he suffered serious injuries when members of the Sheriff's Task Force used excessive force on him during his arrest.  Plaintiff states that he does not know the names of the individuals who injured him.  The complaint seeks damages.

No relief is available against the Defendant Sheriff's Department in the complaint's current form.  A county sheriff's department, of course, cannot be held separately liable in an action under § 1983 and thus is not a proper defendant.  *See, e.g., Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against Denver Police Department as non-suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986) (mem.); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("[L]ocal government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities."), *aff'd*, No. 92-1134, 1993 WL 33875, at *3 (10th Cir. Feb. 11, 1993).  For purposes of this order, therefore, this pro se Plaintiff's claims against Defendant Sheriff's Task Force are construed as directed at the County itself.

As noted above, however, Plaintiff alleges only that unidentified sheriff's deputies injured him by using excessive force.  "To create liability [against the County] under § 1983, [Plaintiff] would have to establish: (1) that a constitutional violation occurred and (2) that some official policy or custom was the moving force behind the violation. . . .  However, . . . he has not alleged any facts to support a claim that his injuries resulted from an unconstitutional policy or custom."

*Stevenson v. Whetsel*, 52 F. App'x 444, 446-47 (10th Cir. Dec. 3, 2002) (internal citations omitted). Plaintiff's complaint does not allege a County custom or policy of excessive force, and the Court will dismiss claims against the named Defendant San Juan County Sheriff's Task Force.

Second, "to present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). The complaint does not enable the Court to identify the individuals that Plaintiff intends to sue. *See Richards v. Bellmon*, 941 F.2d 1015, 1019 n.3 (10th Cir. 1991) ("Although *pro se* pleadings should be liberally construed, it is not 'the proper function of the district court to assume the role of advocate for the *pro se* litigant.' ") (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). Under this standard, Plaintiff's allegations do not state claims for relief against any named Defendants. Nor can officers of the Court fulfill their obligation under 28 U.S.C. § 1915(d) to serve process on any defendants. Plaintiff will be allowed time to identify individual Defendants. Failure to comply with this Order may result in dismissal of the action.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant San Juan County Sheriff's Task Force are DISMISSED, and Defendant San Juan County Sheriff's Task Force is DISMISSED as a party to this action; within thirty (30) days from entry of this Order, Plaintiff may file an amended complaint identifying the individual(s) who allegedly injured him by using excessive force during his arrest; and the Clerk is directed to send a form § 1983 complaint to Plaintiff.

_____
UNITED STATES DISTRICT JUDGE