IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNESTO TELLO,

    Plaintiff,

v.                                                            Civ. No. 14-261 MV/KK

SHERIFF OFFICERS OF SAN JUAN
COUNTY *et al.*,

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

THIS MATTER comes before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 13), filed October 28, 2014. For the following reasons, the Court FINDS that Plaintiff's motion is not well taken and will be DENIED.

### *Background*

Plaintiff Ernesto Tello is currently incarcerated at the Springer Correctional Center. (Doc. 18 at 1.) Plaintiff first filed this federal civil action on March 18, 2014. (Doc. 1.) After the Court dismissed Plaintiff's original complaint without prejudice (Doc. 16), Plaintiff filed an amended complaint on February 11, 2015. (Doc. 18.) In his amended complaint, Plaintiff alleges that on August 17, 2011 an unidentified San Juan County Sheriff's Officer transported him from the San Juan County Detention Center to a substation in Farmington, New Mexico, where this officer and three others, also unidentified, restrained, beat, and physically injured him. (Doc. 18 at 2-3, 16-17.) Plaintiff has documented his efforts to identify the officers who allegedly injured him, (*see, e.g.*, Doc. 18 at 7-13), and has asked the Court to issue one or more subpoenas to assist him in these efforts. (Doc. 25.) Presently before the Court is Plaintiff's October 28, 2014 Motion to Appoint Counsel to represent him in this action. (Doc. 13.)

## *Analysis*

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in cases brought under 42 U.S.C. § 1983. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, a court may request the voluntary assistance of counsel in such cases pursuant to 28 U.S.C. § 1915(e)(1). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). These factors include

> the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.

*Id.* (internal quotation marks omitted). The plaintiff bears the burden of convincing "the court that there is sufficient merit to his claim to warrant" a request for *pro bono* counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

Plaintiff does not address the *Rucks* factors in his motion, except to say that he has a "strong case" and "need[s] a lawyer." (Doc. 13 at 1.) After careful consideration, the Court finds that the *Rucks* factors weigh against the Court requesting *pro bono* counsel for Plaintiff at this time. 57 F.3d at 979. As to the first factor, Plaintiff's amended complaint does allege conduct that would constitute a violation of his constitutional rights. (*See generally* Doc. 18.) However, to date, Plaintiff has failed to identify any of the persons whom he claims engaged in this unconstitutional conduct. (*Id.*) Unless and until he does so, he has failed to assert a meritorious claim. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (to state a claim, complaint must identify "whom plaintiff[ is] suing for what wrongs"); *see Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009) (to state a claim, plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged") (emphasis added).  Plaintiff's failure to assert a valid claim weighs against the Court requesting *pro bono* counsel to represent him.  57 F.3d at 979.

        The second and fourth *Rucks* factors also weigh against the Court making such a request. *Id.*  The factual and legal issues raised in Plaintiff's amended complaint appear quite straightforward.  They involve a single incident and a clear allegation of excessive force.  (Doc. 18 at 2-3.)  Assuming Plaintiff is able to identify the officers in question, the case is likely to involve nothing more than a testimonial dispute regarding whether or not the challenged event transpired as Plaintiff claims.  Finally, as to the third *Rucks* factor, 57 F.3d at 979, Plaintiff appears to be representing himself competently.  In general, he has been able to explain to the Court what he seeks and why he seeks it, and to include citations to relevant legal authority where needed.  More specifically, he has engaged in efforts reasonably calculated to identify the officers who allegedly injured him, (Doc. 18 at 7-13), and has sought the appropriate type of procedural device to obtain documents to help him do so.  (Doc. 25.)  In short, Plaintiff has demonstrated the ability to present his claims without counsel.

        The Court is certain that Plaintiff would have an easier time pursuing his lawsuit if an attorney represented him.  However, this is true of virtually any *pro se* litigant.  *See, e.g., Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case.").  Because Plaintiff has no right to appointed counsel in this matter and has not met his burden of persuading the Court that his claims warrant a request for *pro bono* counsel, Plaintiff's motion must be denied.  To the extent that Plaintiff requests assistance in finding an

attorney on his own, the Court will direct the Clerk to mail to Plaintiff a copy of the United States District Court for the District of New Mexico's "Guide for *Pro Se* Litigants," which lists resources for legal representation.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Appoint Counsel (Doc. 13) is DENIED at this time.

IT IS FURTHER ORDERED that the Clerk is directed to mail a copy of the Court's "Guide for *Pro Se* Litigants" to Plaintiff.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE