IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNESTO TELLO,
         Plaintiff,

vs.                                                            No. CV 14-261 MV/KK

SHERIFF OFFICERS OF SAN JUAN COUNTY,
         Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2) and rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure, on Plaintiff Ernesto Tello's Amended Civil Rights Complaint (Doc. 18). Tello's Amended Complaint fails to state a claim for relief and Tello has failed to comply with Court orders to state a cognizable claim. The Court will, therefore, dismiss this lawsuit.

Tello is proceeding pro se and in forma pauperis. The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In reviewing a pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts,

but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Last, the Court may dismiss an action under Fed.R.Civ.P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003) (noting that a district court may dismiss, *sua sponte*, when one of the rule 41(b) conditions is met).

Tello originally filed this action pursuant to 42 U.S.C. § 1983 against the "San Juan County Sheriff's Task Force." (Doc. 1 at 1). The Court dismissed Tello's claims against the named Defendant on January 12, 2015, but granted Tello leave to amend his complaint by February 11, 2015 to identify the individual San Juan County Sheriff's Officer(s) who allegedly used excessive force against him. (Doc. 16 at 3). Tello filed an Amended Civil Rights Complaint on February 11, 2015, but again failed to identify any individual defendants, and instead claimed that he was unable to do so despite diligent efforts. (Doc. 18).

In light of Tello's unsuccessful efforts and at Tello's request, the Court subsequently issued a subpoena to the San Juan County Sheriff's Office Records Custodian. (Doc. 23, 25, and 37). The subpoena directed the custodian to produce to Tello:

> "any and all documents in the San Juan County Sheriff's Office's custody that identify any and all law enforcement officers who, on or about August 17, 2011 (1) transported Plaintiff or caused Plaintiff to be transported from the San Juan County Detention Center to a San Juan County Sheriff's Office facility, and/or (2) had contact with Plaintiff at a San Juan County Sheriff's Office facility[; and'] any and all documents in the San Juan County Sheriff's Office's custody, that document or otherwise relate to any use of force against Plaintiff, however slight, on or about August 17, 2011."

(Doc. 37). This subpoena was successfully served on the records custodian on October 29, 2015, and required production of the specified documents to Plaintiff by November 25, 2015. (Doc. 40 at 1-2).

The Court then entered an Order on January 5, 2016, ordering Tello to file within thirty days of entry of the Order a second amended complaint or show cause why this lawsuit should not be dismissed. (Doc. 44 at 2). Tello did not file a second amended complaint within thirty days nor did he substantively respond to the show-cause Order. Instead, on February 1, 2016, Tello filed a Motion for Extension of Time to File Response and Plaintiff's Motion for Issuance of Subpoenas. His motions sought issuance of several additional subpoenas directed to various medical providers, the San Juan County Detention Center, and the San Juan County Sheriff's Office, and requested "substantial" additional time to respond to the Court's January 5, 2016 Order. (Doc. 46 and 47). On February 10, 2016, the Court denied Tello's Motion for Extension of Time and Motion for Issuance of Subpoenas as untimely and futile. (Doc. 48).

Tello's amended Complaint (Doc. 18) fails to state a claim upon which relief can be granted for the identical reasons stated in the Court's January 12, 2015 Memorandum Opinion and Order. Tello has failed to identify individual defendants and their individual actions that Tello contends resulted in deprivation of a constitutional right as required by law and by the Court's January 12, 2015 and January 5, 2016 Orders. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008); Doc. 16 and 44. Tello has been given more than a reasonable amount of time to comply with the Court's Orders and the Court has determined that granting him further opportunity would be futile. (Doc. 48). Therefore, the Court will dismiss Tello's Amended Civil Rights Complaint and this action for failure to state a claim upon which relief can be granted and for failure to comply with the Court's Orders. *Hall v. Bellmon,* 935 F.2d at 1109; 28 U.S.C. § 1915(e)(2); Fed.R.Civ.P. 12(b)(6) and 41(b).

IT IS ORDERED that Plaintiff Ernesto Tello's Amended Civil Rights Complaint (Doc. 18), and all claims and causes of action, are DISMISSED without prejudice for failure to state a claim upon which relief can be granted and for failure to comply with Court Orders.

_____
UNITED STATES DISTRICT COURT